(52 Misc. Rep. 187)

GOLLAND v. BAKER et al.

(Supreme Court, Special Term, Kings County.   December, 1906.)

MUNICIPAL CORPORATIONS—INSPECTORS OF POLICE—CIVIL SERVICE RULES.

Civil Service Law, Laws 1899, p. 802, c. 370, § 13, provides that the the term of eligibility shall be fixed for each eligible list at not less than one nor more than four years.   *Held*, that a rule as to eligible lists for the office of inspector of police in the city of New York, providing that an eligible list that has been in force one year shall terminate when a new list is established, is not a violation of the statute.

Action by Morris Golland against William F. Baker and others for a preliminary injunction.   Denied.

Abraham S. Gilbert, for the motion.
Terence Farley, opposed.

KELLY, J.   This is not an action by the four police captains to test the legality of the police commissioner's action in refusing to appoint them or in failing to fill vacancies in the office of inspector, if ·such vacancy exists.   It is not an action in which the commission's refusal to give reasons for not appointing the police captains is before the court.   The police commissioner is not a party to the action.   I express no opinion on these matters.

This is a taxpayer's suit, in which the legality of the action of the civil service commissioners in ordering a new examination of candi-

dates for promotion to inspectorships is attacked.  It is said that the term of the existing eligible list has not expired.  Rule 3 (subdivision 3 of rule 10) of the civil service rules provides that the term of an eligible list shall be nòt less than one year nor more than four years from the date of its establishment.  "An eligible list that has been in force for one year  *  *  *  shall terminate whenever a new list is established under the same title, and, in case of a graded position, foɪ the same grade or grades."

The plaintiff taxpayer alleges that the action of the defendant commissioner in ordering a new examination is legal, because, he says, the rule quoted violates the statute.  The existing list has been in force more than one year, but plaintiff claims, as I understand his argument and brief, that the rules should have fixed an absolute definite period for the life of the list.  It could have been made one year, so he concedes, but he says the provision that after it has been in·force a year it shall terminate whenever a new list is established is unlawful and puts some power in the civil service board which the Legislature did not intend they should have.

The statute, section 13 of the Civil Service Law (Laws 1899, p. 802, c. 370), provides:

"The term of eligibility shall be fixed for each eligible list at not less than one nor more than four years."

The rule adopted by the defendants follows the language of the statute.  I cannot see how the provision continuing the list after it has been in force a year until a new list is certified renders the rule illegal, or how it contravenes the letter or spirit of the statute.  The commissioners could have terminated the list in one year.  That they gave it longer life is something the persons on the list should not complain of.  They took the examination, knowing the list was absolutely good for one year, and for one year only.  After that it continues until a new list was certified.  The motion for injunction is denied.

Motion denied.